1

2

3

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

4

5

6

7

8

JAMES EDWARD SCOTT, III,

Plaintiff,

v.

QUIGLEY,

Defendant.

Case No. 3:23-cv-00270-ART-CLB

ORDER

(ECF No. 14)

9      Plaintiff James Edward Scott, III, brings this *pro se* civil-rights action under 42

10   U.S.C. § 1983 to redress constitutional violations that he claims he suffered while he was

11   incarcerated at Northern Nevada Correctional Center. On October 26, 2023, the Court

12   screened Scott's civil-rights complaint, allowed his Eighth Amendment claim about

13   indifference to his medical need for ice to proceed, referred this action to the Court's

14   Inmate Early Mediation Program, and stayed the case for 90 days to allow the parties

15   time to settle their dispute. (ECF No. 7). Scott now moves the Court to provide him two

16   USM-285 forms so he can "provide proper service" of his Complaint to Defendant Quigley

17   and Interested Party Nevada Department of Corrections ("NDOC"). (ECF No. 14). And he

18   seeks an order exempting him from the prison's copy-work limit for the duration of this

19   lawsuit. (*Id.* at 2). For the reasons discussed below, the Court grants Scott's motion only

20   to the narrow extent of extending his copy-work limit by $5.

21   **I.      DISCUSSION**

22      This action is still in the screening stage, and it has been stayed for 90 days to

23   allow the parties time to participate in the Court's mediation program. As the Court

24   explained in its screening order, if the parties do not settle at the mediation conference

25   and instead "proceed with this action, the Court will then issue an order setting a date for

26   Defendant to file an answer or other response" to Scott's Complaint. (ECF No. 7 at 9).

27   This means that Defendant cannot be served with the summons and a copy of the

28   Complaint under Federal Rule of Civil Procedure 4 until the Court orders that to happen.

1  And the Court will not issue an order about service until after the matter of mediation is

2  resolved. Scott's request for USM-285 forms to effectuate proper service under Rule 4 is

3  therefore denied without prejudice as premature.

4        An inmate has no constitutional right to free photocopying. *Johnson v. Moore*, 948

5  F.2d 517, 521 (9th Cir. 1991). NDOC administrative regulation 722.01(7)(E) provides that

6  inmates "can only accrue a maximum of $100 debt for copy work expenses for all cases,

7  not per case." Courts in this district have found that they can order a prison to provide

8  limited photocopying when it is necessary for an inmate to provide copies to the court and

9  other parties. *See, e.g.*, *Allen v. Clark Cnty. Det. Ctr.*, Case No. 2:10-cv-00857-RLH, 2011

10  WL 886343, *2 (D. Nev. Mar. 11, 2011).

11        In screening the Complaint, the Court set a briefing schedule for Scott's emergency

12  motion for a preliminary injunction that permits him to file a reply brief 21 days after service

13  of a response to his motion. (ECF No. 7 at 8). The NDOC has filed its response to Scott's

14  injunctive-relief motion. (ECF No. 10). Scott's request to suspend his copy-work limit for

15  the duration of this lawsuit is not reasonable. But because Scott has been permitted to

16  file a reply brief in support of his injunctive-relief motion, the Court finds that good cause

17  exists to extend his copy-work limit by $5.

18  **II.   CONCLUSION**

19        It is therefore ordered that Scott's motion for various relief (ECF No. 14) is granted

20  in part and denied in part.

21        It is further ordered that Scott's motion for copies of the USM-285 form to

22  accomplish service of the summons and copy of the Complaint is denied without prejudice

23  as premature.

24        It is further ordered that the NDOC will extend Scott's prison copy-work limit by $5.

25        DATED THIS 27th day of November 2023.

26

27  _____

28  UNITED STATES MAGISTRATE JUDGE