UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JAMES EDWARD SCOTT, III,<br><br>        Plaintiff,<br><br> v.<br><br>QUIGLEY,<br><br>        Defendant. | Case No. 3:23-cv-00270-ART-CLB<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION (ECF NO. 4) |

*Pro se* Plaintiff James Edward Scott, III, an inmate in the Northern Nevada Correctional Center, brings this action under 42 U.S.C. § 1983 against Defendant Dr. Quigley, alleging Quigley demonstrated deliberate indifference to Scott's medical needs by denying him access to ice, which he requires to treat his end-stage kidney failure. Before the Court are Mr. Scott's motion to enjoin Dr. Quigley from further denial of his ice prescription, (ECF No. 4), and Interested Party Nevada Department of Correction's motion to file under seal an exhibit related to Mr. Scott's motion (ECF No. 11). For the reasons explained below, the Court denies Mr. Scott's motion and grants NDOC's motion for leave to file under seal.

**I. BACKGROUND**

Mr. Scott suffers from end-stage kidney failure. (ECF No. 8 at 4, 6.) People with kidney failure need to reduce water intake, and doctors often prescribe ice as a method to help them achieve that goal.

In July of 2022, Mr. Scott's nephrologist (kidney doctor), Dr. Quigley, wrote Mr. Scott an order for one bag of ice daily to help reduce Mr. Scott's fluid intake. (*Id.* at 4; ECF No 12.) The order was set to expire in November 2023, but at the end of September 2022, Dr. Quigley discontinued the order and instead prescribed ice only during "the summer months" (June through September). (*Id.*

at 4-5.)

After Mr. Scott's ice prescription was discontinued, he began experiencing symptoms of excess fluid intake. (*Id.* at 6-7.) Mr. Scott informed Dr. Quigley of his symptoms and asked him to reinstate the ice prescription, but Dr. Quigley refused. (*Id.* at 7.)

Mr. Scott then brought the present suit and, along with it, the present motion for preliminary injunction, asking the Court to force Quigley to reinstate his ice prescription.

Interested Party Nevada Department of Corrections (NDOC) filed an opposition to Mr. Scott's motion (ECF No. 10) and a motion to submit a copy of Mr. Scott's medical records under seal (ECF No. 11). The medical record in question is Mr. Quigley's original July 2022 prescription. (ECF No. 12.) NDOC intends to use this record to support its statement of facts in the "Factual & Procedural History" section of its Opposition. (ECF No. 10 at 1.)

## II.   LEGAL STANDARD

Preliminary injunctions are "extraordinary remed[ies] never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). As the Supreme Court clarified in *Winter*, to obtain a preliminary injunction, a plaintiff "must establish that [he] is likely to succeed on the merits, that [he] is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [his] favor, and that an injunction [or restraining order] is in the public interest." *Winter*, 555 U.S. at 20. "[I]f a plaintiff can only show that there are 'serious questions going to the merits'—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the 'balance of hardships tips sharply in the plaintiff's favor, and the other two *Winter* factors are satisfied.'" *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013) (quoting *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011)).

Because Mr. Scott seeks mandatory injunctive relief that goes beyond simply maintaining the status quo during litigation, he bears a "doubly demanding" burden: "[he] must establish that the law and facts clearly favor [his] position, not simply that [he] is likely to succeed." *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (en banc). The Ninth Circuit has cautioned that mandatory injunctions are "particularly disfavored" and "should not issue in doubtful cases." *Id.* (internal quotations omitted). The Prison Litigation Reform Act ("PLRA") similarly instructs that any restraining order or preliminary injunction granted with respect to prison conditions "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2).

### III.     ANALYSIS

Mr. Scott fails to show that he is "likely to suffer irreparable harm in the absence of preliminary relief." *Winter,* 555 U.S. at 20. Dr. Quigley has prescribed ice in the summer months, and Scott has not shown that he is likely to suffer excess fluid build-up or harmful effects as a result of his lack of ice during the winter months. This is particularly true when Mr. Scott has other methods available to reduce his fluid intake. The Court therefore denies Mr. Scott's motion for preliminary injunction.

Further, the Court concludes that there is a compelling reason to grant NDOC's motion to seal. The document in question contains information related to Mr. Scott's medical care. Mr. Scott has an interest in protecting that information, and his interest is stronger than any interest the public might have in seeing it. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096-97 (9th Cir. 2016).

### IV.     CONCLUSION

It is therefore ordered that Plaintiff's Emergency Motion for Preliminary

Injunction (ECF No. 4) is denied.

It is further ordered that Interested Party NDOC's Motion for Leave to File Document (ECF No. 11) is granted.

Dated this 7th day of March 2023.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

4