UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JAMES EDWARD SCOTT, III,<br><br>　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>QUIGLEY,<br><br>　　　　　　　　　　Defendant. | Case No. 3:23-cv-00270-ART-CLB<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION (ECF No. 76) |

This case is about a doctor's decision to rescind an order of ice for an incarcerated patient with kidney disease. *Pro se* Plaintiff James Edward Scott, III sues Defendant Dr. Quigley, alleging deliberate indifference to serious medical needs in violation of the Eighth Amendment. Before the Court is Dr. Quigley's motion for summary judgment (ECF No. 51) and Scott's motion to strike Dr. Quigley's declaration (ECF No. 56). Magistrate Judge Carla Baldwin's report and recommendation ("R&R") recommends granting summary judgment and denying the motion to strike (ECF No. 76). Plaintiff objects (ECF No. 77). Having considered Plaintiff's objection, the Court adopts the R&R.

## I.   BACKGROUND

The following relevant facts are adopted from the R&R. (ECF No. 76 at 1–2.) During the events related to this case, Scott was an inmate in the custody of the Nevada Department of Corrections, housed at Northern Nevada Correctional Center ("NNCC"). (ECF No. 5 at 1.) In November of 2018, Scott entered NDOC with the following conditions: high blood pressure, chronic kidney disease, and a history of surgeries and hospitalizations. (ECF No. 53-1.) At NDOC, Scott received medical care including routine dialysis treatments. (ECF No. 53-2.) As a dialysis patient, Scott must control his fluid intake to prevent fluid overload. (ECF No. 50-1.) In July of 2022, Dr. Quigley placed an order for all the nephrology patients

1

1  who were receiving dialysis care to receive a bag of ice. (*Id.* at 1; ECF No. 53-2 at
2  10.) He did so "to provide some relief for dialysis patients in the summer heat."
3  (ECF No. 50-1 at 1.)

4  Scott filed several grievances related to the ice order in 2022 and 2023.
5  (ECF No. 68 at 60–102.) In October of 2022, Scott filed a grievance claiming that
6  the order for daily ice was discontinued due to "illegal pressure." (ECF 68 at 91.)
7  That grievance was denied because it did not "constitute a medical emergency."
8  (*Id.*) In the spring of 2023, Dr. Quigley's order for ice was limited to the months
9  of May through September. (ECF No. 53-3 at 3.) In March, April, and May of 2023,
10 Scott filed several more grievances complaining that he was not being provided
11 ice. (ECF 68 at 69–81.) These grievances were mostly denied. (*Id.*) Throughout the
12 summer months of 2023, Scott alleges several isolated instances of not receiving
13 ice. (ECF No. 68.)

14 In June of 2023, Scott initiated this lawsuit against Dr. Quigley. (ECF Nos
15 1, 5.) Dr. Quigley now moves for summary judgment. (ECF No. 51.)

## II.  STANDARD OF REVIEW

17 Under the Federal Magistrates Act, a Court "may accept, reject, or modify,
18 in whole or in part, the findings or recommendations made by [a] magistrate
19 judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's
20 report and recommendation, then the court is required to "make a *de
21 novo* determination of those portions of the [report and recommendation] to which
22 objection is made." 28 U.S.C. § 636(b)(1). A court is not required to conduct "any
23 review at all . . . of any issue that is not the subject of an objection." *Thomas v.
24 Arn,* 474 U.S. 140, 149 (1985).

25 Defendant argues that the Court should not consider Scott's objection
26 because it was not timely filed and significantly exceeds the 24-page limit. (ECF
27 No. 78 at 2–3.) Because the deadline fell around the time that Scott was released
28 from NNCC and moved to Florida, the Court finds that good cause exists for the

1  delay. (*See* ECF No. 57.) For the same reason, the Court will consider the lengthy
2  objection but reminds Scott that objections to R&Rs are subject to the page limits
3  set forth in LR 7-3. *See* LR IB 3-1; LR 7-3.

### III. DISCUSSION

Judge Baldwin's R&R found that Scott failed to establish a genuine dispute of material fact as to whether Dr. Quigley's rescission of the order for a daily bag of ice constituted deliberate indifference to a serious medical need. (ECF No. 76 at 6–12.) The R&R explained that under Ninth Circuit case law, a mere difference of medical opinion is insufficient to establish deliberate indifference. (*Id.*) Although the Court could have granted summary judgment on that alone, the R&R also found that Dr. Quigley was entitled to qualified immunity because no clearly established case law would have put Dr. Quigley on notice that his actions violated Scott's constitutional rights. (*Id.* at 12–16.)

Scott makes three objections to the R&R. He argues that the R&R "fails to properly consider key evidence, misapplies the legal standard for deliberate indifference under the Eighth Amendment, and ignores genuine disputes of material fact that preclude summary judgment." (ECF No. 77 at 1.) The Court addresses each in turn.

### A. First Objection: Contradictions in the Evidence

Scott first objects that the R&R fails to properly analyze contradictions in the evidence. (ECF No. 77 at 3.) Scott argues that Dr. Quigley's statements contain contradictions because he initially prescribed ice but later said that there was no guarantee ice would alleviate symptoms. (*Id.*) Scott argues that these contradictions establish a genuine dispute of material fact. (*Id.*)

The R&R properly considered Dr. Quigley's declaration and did not find internal contradictions. (ECF No. 76 at 7–8.) Dr. Quigley stated that in the summer of 2022 he placed an order for the nephrology patients "to provide some relief for dialysis patients in the summer heat in the hopes of drinking less water."

1  (ECF No. 50-1 at 2.) Dr. Quigley did not state that he was certain that ice would
2  alleviate symptoms. Instead, he said that ice does not prevent patients from
3  suffering from fluid overload, and that the order was not intended to prevent fluid
4  overload. (*Id.* at 3.) Dr. Quigley discontinued the order because he "did not believe
5  an order for a daily bag of ice was medically necessary nor a best practice." (*Id.*)
6  These statements are not contradictory.

7  The R&R also recommended that the Court deny Scott's motion to strike
8  Dr. Quigley's declaration because it did not cite legal authority or explain how
9  Scott met the relevant standards. (ECF No. 76 at 7 n. 3.) Scott did not object to
10 that portion of the R&R and the Court adopts Judge Baldwin's recommendation.

11 **B. Second Objection: Deliberate Indifference Standard**

12 Scott next argues that the R&R incorrectly found that Scott's claims
13 amount to mere disagreements in medical opinion. (ECF No. 77 at 3–4.) He argues
14 that medical records and his declaration establish that ice was an effective
15 treatment for fluid overload. (*Id.* at 3.) Scott points to the Ninth Circuit's decision
16 in *Snow v. McDaniel*, a case in which the court found deliberate indifference
17 where prison doctors ignored specialist recommendations. (*Id.*) However, in this
18 case, there was no specialist aside from Dr. Quigley. The evidence in the record
19 establishes that the only disagreement regarding the appropriate medical
20 treatment was between Dr. Quigley and Scott.

21 The R&R properly concluded that, under Ninth Circuit case law, a
22 difference of opinion between a physician and an inmate concerning what medical
23 care is appropriate does not amount to deliberate indifference. (ECF No. 76 at 8
24 (citing *Snow v. McDaniel*, 681 F.3d 978, 987 (9th Cir. 2012), *overruled on other*
25 *grounds by Peralta v. Dillard*, 744 F.3d 1076 (9th Cir. 2014).) To establish a
26 difference of opinion rising to the level of deliberate indifference, a plaintiff must
27 show that the chosen course of treatment was "medically unacceptable under the
28 circumstances." *Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004). Scott did

not meet that burden.

**C. Third Objection: Qualified Immunity**

Scott next objects to the R&R's qualified immunity analysis. (ECF No. 77 at 4–5.) *Id.* at 4 (citing *Estelle v. Gamble*, 429 U.S. 97 (1976) and *Jett v. Penner*, 439 F.3d 1091 (9th Cir. 2006).) The R&R considered the cases he cites, and found that, while they establish that general rule, they were not analogous enough to the facts of this case to put Dr. Quigley on notice that rescinding a medical order for ice would violate Scott's constitutional rights. (ECF No. 76 at 15.)

The Court also notes that, because there was no genuine dispute of material fact as to whether there was a constitutional violation, the R&R did not need to address the issue of qualified immunity. Therefore, even if the Court were to sustain Scott's objection on this issue, Dr. Quigley would still be entitled to summary judgment.

### IV. CONCLUSION

It is therefore ordered that Judge Baldwin's report and recommendation (ECF No. 76) is adopted.

Accordingly, Defendant's motion for summary judgment (ECF No. 51) is granted.

Plaintiff's motion to strike (ECF No. 56) is denied.

The Clerk of Court is instructed to enter judgment accordingly and close this case.

DATED: April 18, 2025

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE